{¶ 69} The majority today affirms the decision of the common pleas court with respect to the Cincinnati Insurance policy. I concur in judgment only with respect to that conclusion.
 {¶ 70} However, I respectfully write separately from the majority with respect to the National and the Travelers policies.
 {¶ 71} Regarding the National policy, the majority has determined two issues of fact exist: the first, regarding the explicit terms of the policy, and the second, regarding the majority's inability to conclude Workman's status as an employee as a matter of law. Conceding both issues and construing all relevant facts most favorably to Workman, I am inclined to affirm the decision of the trial court because Workman has prejudiced National's right to subrogation by failing to provide notice of the resolution of this claim. See Ferrando, et al. v. Auto-Owners Mut.Ins. Co., ___ Ohio St.3d ___, 2002-Ohio-7217, where the court stated in its syllabus, "* * * An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." However, as the syllabus in Ohio no longer states the law of the case, I am constrained to agree that Ferrando mandates remand of this case for a hearing where the insured party bears the burden of presenting evidence to rebut a presumption of prejudice. See Ferrando, ¶ 101.
 {¶ 72} Similarly, regarding the Travelers policy, the majority concludes the notice requirement appears only in the business auto section of the policy and not in the common policy conditions section, and therefore, it is inapplicable; I respectfully dissent. Here, no question exists but that the business auto section contains a notice provision. The majority urges it is located in the wrong section of the policy; however, this is the part of the policy pertaining to automobile coverage and is the section from which the UM/UIM coverage arises by operation of law. The deciding fact here is that the failure to provide notice of the accident to Travelers until almost three years after the accident and after settlement with the tortfeasor destroyed the subrogation rights Travelers enjoyed. This constitutes presumption of prejudice to the insurer absent evidence to the contrary. None exists. As the supreme court remanded Ferrando to the trial court, I agree we must do the same, despite Justice Stratton's caution expressed in her dissent that this renders contractual provisions of the policy meaningless and creates the necessity of a hearing every time a breach occurs.